RAYMOND SWEENEY, JR. *v.* CHOICE HOTELS
INTERNATIONAL, INC., ET AL.
(AC 25796)

Flynn, DiPentima and Berdon, Js.*

* The listing of judges reflects their status on this court as of the date of oral argument.

Argued October 19, 2005—officially released September 14, 2006**

** September 14, 2006, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

*Joseph A. La Bella,* with whom, on the brief, was *Melissa M. Rich,* for the appellant (defendant Broadway Saybrook Motel Corporation).

*Dale P. Faulkner,* with whom, on the brief, was *Kara M. Crismale,* for the appellee (plaintiff).

*Opinion*

FLYNN, J. In this slip and fall action, the defendant Broadway Saybrook Motel Corporation[1] appeals from the judgment of the trial court in favor of the plaintiff, Raymond Sweeney, Jr., against the defendant in the amount of $156,515.70. Specifically, the defendant claims that the court acted improperly when it entered discovery sanctions against it.[2] We agree that under the unique circumstances of this case, the discovery sanctions were improper and, accordingly, reverse the judgment of the trial court.

The issuance of discovery sanctions in this case occurred under very unique and confusing circumstances. The plaintiff filed a motion for permission to file supplemental interrogatories pursuant to Practice Book §§ 13-6 and 13-9. The plaintiff filed that motion

---

[1] The plaintiff initially named three different defendants in this matter, but upon being advised by the defendant Broadway Saybrook Motel Corporation that it was the correct party, the plaintiff requested that Broadway Saybrook Motel Corporation be substituted as the sole defendant. The court granted the plaintiff's request on July 8, 2003. We refer in this opinion to Broadway Saybrook Motel Corporation as the defendant.

[2] The defendant also claims that the court (1) made several improper evidentiary rulings and (2) made improper rulings on medical write-offs and collateral source calculations. Because we remand the case for a new trial, we do not reach these issues.

with the court clerk on November 24, 2003, and attached his interrogatories and requests for production to that motion. On December 8, 2003, the court granted the plaintiff's motion for permission to file the supplemental interrogatories and requests for production, which included a request that the defendant produce its franchise agreement. This meant that the defendant had thirty days pursuant to Practice Book § 13-10 to respond, which the defendant did not do. However, procedural matters became more complex when the court addressed the issue of compliance, almost four months later. Because the interrogatories had not been answered after some procedural misunderstanding on the part of the defendant, the court, *Hon. D. Michael Hurley*, judge trial referee, entered a conditional default against the defendant on March 23, 2004, giving it two days to file an answer to "these." Judge Hurley's written order specifically gave the defendant two days to answer the plaintiff's supplemental interrogatories but did not reference the production request. The defendant filed a motion for articulation, and, after a hearing on April 8, 2004, Judge Hurley, without any specific mention of the production request, ordered the defendant to provide verified answers to the interrogatories by April 12, 2004, before the conditional default would be opened. The defendant filed a notice of compliance on April 12, 2004, having answered the supplemental interrogatories and having objected to the production of the franchise agreement.

On April 27, 2004, however, the defendant provided the plaintiff with a copy of the franchise agreement, and the court, *Gordon, J.*, effectively set aside Judge Hurley's default on that same day after counsel for both parties represented that Judge Hurley had agreed to set it aside and the plaintiff's counsel conceded that the defendant was in compliance with Judge Hurley's order. Judge Gordon, however, after inviting the plaintiff's

counsel to make a new oral motion for default, then found that the defendant had not timely produced certain requested information, i.e. the rules and regulations referenced in the franchise agreement, and she entered her own default against the defendant. Judge Gordon stated that the defendant no longer could contest liability as a sanction for the default. Counsel for the defendant stated that he would file a notice of defenses pursuant to Practice Book § 17-37.[3] On May 3, 2004, Judge Gordon, sua sponte, changed the ground for default, stating that the default was due to the defendant's turning over the franchise agreement at the eleventh hour. Judge Gordon added a sanction that paragraphs one through six of the plaintiff's amended complaint were deemed admitted. After the defendant was defaulted and paragraphs one through six were deemed admitted, the jury returned a verdict in favor of the plaintiff for $172,304.23 and found that the plaintiff was not contributorily negligent. The defendant subsequently filed a motion for remittitur and a motion to set aside the verdict, both of which were denied. On August 16, 2004, after two collateral source hearings, Judge Gordon ordered a reduction for collateral source credits to the defendant and rendered judgment in the amount of $156,515.70 for the plaintiff. This appeal followed.

The defendant argues that the imposition of sanctions did not satisfy the standard articulated in *Millbrook*

---

[3] Practice Book § 17-37 provides: "The notice shall not contain a general denial, but shall specify which, if any, of the allegations, or parts thereof, of the complaint will be controverted; and only those allegations should be specified which it is intended to controvert by proof. The denial of the right of the plaintiff to maintain the action must go to the plaintiff's right to maintain it in the capacity in which the plaintiff sues, and not otherwise controvert the right of action. Any new matter by way of confession and avoidance must be specified. The defense of contributory negligence must be specified and the grounds stated. Partial defenses must be specified in the same manner as complete defenses."

*Owners Assn., Inc.* v. *Hamilton Standard,* 257 Conn. 1, 776 A.2d 1115 (2001). We agree.

We first set forth the applicable standard of review. "In order for a trial court's order of sanctions for violation of a discovery order to withstand scrutiny, three requirements must be met." Id., 17. The first of these is pertinent and provides that "the order to be complied with must be reasonably clear." Id. This requirement poses a legal question that we will review de novo.[4] We conclude that the reasonable clarity requirement has not been satisfied because after Judge Gordon set aside the default issued by Judge Hurley and found that the defendant had satisfied Judge Hurley's order, there was no new order issued with which the defendant had to comply.

First, Judge Hurley, by a March 23, 2004 written order, which referred only to interrogatories, not to requests for production, instructed the defendant to answer the plaintiff's supplemental interrogatories within two days. After the defendant filed a motion for articulation, Judge Hurley then ordered the defendant to provide unverified answers to the interrogatories on April 8, 2004, and to provide verified answers by April 12, 2004. On April 12, 2004, the defendant filed a notice of compliance, having answered the interrogatories. It then objected to the plaintiff's request that it produce a copy of its franchise agreement. Despite objecting to the production of the franchise agreement, the defendant did produce the agreement on April 27, 2004.

On that same day, Judge Gordon set aside the default entered by Judge Hurley and found compliance after

---

[4] A party who fails to follow an unclear order also may be sanctioned if the party reasonably understood the trial court's intent in making its order. See *Millbrook Owners Assn., Inc.* v. *Hamilton Standard,* supra, 257 Conn. 17. Sanctions against a party who understood the court's intent but failed to follow the order, however, assumes that there was an order violated, albeit an unclear order. Where there is no order outstanding, as in the present case, we do not view this as pertinent.

the plaintiff conceded that Judge Hurley's order had been satisfied. However, she then invited the plaintiff to file an oral motion for a new default and proceeded to grant that motion, finding that the defendant had failed to provide to the plaintiff the rules and regulations referenced in the franchise agreement. However, we can find no order in the record requiring the defendant to produce these rules and regulations, nor can we find a discovery request asking that they be produced. Neither Judge Hurley's December 8, 2003 order, nor his March 23, 2004 order referenced them. Judge Gordon later, on May 3, 2004, stated that she was modifying her April 27, 2004 order "sua sponte" and that she also was holding the defendant in default specifically for turning over the franchise agreement at the eleventh hour. Again, it is unclear what order, if any, the defendant violated. Judge Gordon, on May 3, 2004, specifically found that the defendant had complied with Judge Hurley's order, and she also acknowledged that she had set aside that previous default on April 27, 2004. Additionally, even looking to Judge Hurley's previous order, it was not clear that the defendant was required to produce the franchise agreement, much less the rules and regulations referenced therein. Although in his November 21, 2003 supplemental set of interrogatories and requests for production the plaintiff had requested the defendant to produce the franchise agreement,[5] the plaintiff had not requested the rules and regulations referenced in the franchise agreement. Nor is it clear that Judge Hurley's default order granting the plaintiff's motion for default even included the production of the franchise agreement because it referred only to interrogatories.

---

[5] Request for production number two specifically requested "[t]he franchise agreements between the defendant and any of the entities identified in interrogatory No. 4 . . . ." Interrogatory number four in turn requested that the defendant "[s]tate the relationship, business or otherwise, between the defendant, Broadway Saybrook Motel, Corp., and the following . . . (b) Choice Hotels International, Inc. . . . ."

The defendant's initial failure to answer the plaintiff's supplemental interrogatories, leading to Judge Hurley's default arguably justified that sanction. However, that default was opened by Judge Gordon on April 27, 2004. Upon our review of the record, we can discern no new violation of any new order that would justify the second default entered by Judge Gordon. No new order, clear or otherwise, concerning the rules and regulations or the franchise agreement had been issued by the court at the time of the new entry of default on April 27, 2004. Nor, since Judge Hurley's default had been opened, could that default be reinstated nunc pro tunc to support Judge Gordon's second sanction of May 3, 2004. Therefore, we conclude that this new default and sanction was improper under the first prong of *Millbrook*. Accordingly, a new trial is necessary.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.